# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PERREN LAMONTE LANE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:10CV533 |
| v. | ) | 1:07CR427-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Perren Lamonte Lane, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 43.)[1] Petitioner, who was originally charged with four counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), pled guilty to one of those charges. (Docket Nos. 1, 17, 18.) He was later sentenced to 262 months of imprisonment. (Docket No. 24.) Petitioner did file a direct appeal, but his conviction and sentence were affirmed. (Docket Nos. 32, 33.) Petitioner then filed his motion under § 2255, which he later supplemented to add a claim. (Docket No. 46.) Respondent has filed a response to Petitioner's motion

---

[1] This and all further cites to the record are to the criminal case.

(Docket No. 50), Petitioner has filed a reply (Docket No. 52), and the matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

## **PETITIONER'S CLAIMS**

Petitioner raises four claims for relief in his original motion and a fifth claim in his supplement. Petitioner's first claim asserts that his attorney provided ineffective assistance of counsel at both sentencing and on appeal by not objecting to the sentencing judge's treatment of the United States Sentencing Guidelines as mandatory rather than advisory. His second claim also alleges ineffective assistance of counsel and faults counsel for not citing to *Spears v. United States*, 555 U.S. 261 (2009) at sentencing or on appeal. Third, Petitioner claims that counsel failed to "keep abreast of current case law substantially affecting [his] case." (Docket No. 43 at 8.) Petitioner's fourth claim turns the focus away from counsel and argues that the statutes under which he was sentenced, 21 U.S.C. §§ 841 and 851, violated the Eighth Amendment of the United States Constitution's prohibition against cruel and unusual punishment. Finally, Plaintiff's supplemental claim asks that he be resentenced in light of the post-sentencing passage of the Fair Sentencing Act of 2010. That act increased the amount of cocaine base necessary to trigger five- and ten-year mandatory minimum sentences under § 841(b).

# DISCUSSION

## Claim One

Petitioner's first claim for relief faults his attorney for failing to object to the sentencing judge treating the Guidelines as mandatory. However, in arguing his claim, Petitioner alters it somewhat from claiming that the Guidelines were treated as mandatory to arguing that they were improperly "presumed reasonable." He cites to the case of *United States v. Nelson*, 555 U.S. ___, 129 S. Ct. 890 (2009), for the proposition that the Guidelines cannot be treated as "presumptively reasonable" at sentencing.

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994).

Petitioner's first claim fails because the record does not show that the sentencing judge treated the Guidelines as either mandatory or presumptively reasonable. In fact, he explicitly stated that he was treating the Guidelines as advisory. (Docket No. 30 at 6, 7, 9.)

Petitioner points to an argument by the prosecutor at sentencing that the Guidelines range calculated in Petitioner's case did "provide for a reasonable sentence" as showing that the Guidelines range was treated as presumptively reasonable. (Docket No. 29 at 8.) However, this is not plausible. The statement was made in the midst of an argument that the Guidelines range was reasonable in light of relevant sentencing factors in the case, not that it was reasonable or presumptively reasonable in the abstract. (*Id*.) There is also absolutely no indication that the sentencing judge, who referred to the Guidelines as "advisory" both before and after the prosecutor's argument, chose to treat them as presumptively reasonable. There were no grounds for counsel to have made an argument that the Guidelines were treated as either mandatory or presumptively reasonable. Any such argument would not have succeeded in any event. Petitioner's first claim for relief should be denied for failure to establish either the performance or prejudice prong of the *Strickland* test set out above.

### **Claim Two**

Petitioner's second claim is that counsel's performance was deficient because he did not argue at sentencing or on appeal that Petitioner's Guidelines range should be lowered in light of *Spears*, *supra*. That case was an extension of the earlier case of *Kimbrough v. United States*, 552 U.S. 85 (2007). The United States Supreme Court determined in *Kimbrough* that a sentencing judge had discretion to determine whether the 100-to-1 crack-to-powder ratio then used in determining Guidelines sentencing ranges produced a sentence greater than necessary to achieve the goals of sentencing. If it did, the judge could then impose a variant

sentence outside the advisory Guidelines range. *Spears* extended that holding to make it clear that, if a judge determined that a variant sentence was appropriate based on an excessive crack-to-powder ratio, the judge could then determine the appropriate ratio. *Spears*, 129 S. Ct. at 843. Counsel argued in a sentencing brief that a variant sentence was available and warranted under *Kimbrough*, but did not cite or argue *Spears*. (Docket No. 22.) Although *Kimbrough* was mentioned again on appeal, it appears to have been cited in conjunction with an equal protection claim, rather than a claim seeking to have the Court of Appeals determine that the sentencing judge erred in not determining that a sentence below the advisory Guidelines range was appropriate. (Docket No. 32.) Petitioner submits that this constituted ineffective assistance of counsel.

Petitioner is incorrect. Counsel argued that a variant sentence using a lower ratio was appropriate under *Kimbrough*. This argument was rejected by the sentencing judge. Because no variant sentence was determined to be appropriate, there would have been no reason for the sentencing judge to consider an alternative crack-to-powder ratio that would not be used. Likewise, there would have been no reason to cite or argue *Spears* on appeal because the appellate court would not remand a case to have the sentencing judge determine a ratio that would not be used. Counsel did not err in not citing or arguing *Spears* and could not have prejudiced Petitioner. Petitioner's second claim for relief should also be denied.

**Claim Three**

Petitioner's third, and final, ineffective assistance of counsel claim is that his attorney did not keep himself current on applicable case law. His argument as to this claim focuses on the *Nelson* and *Spears* cases discussed above. He cites his attorney's failure to use these cases as evidence that he was not aware of relevant case law. Of course, as explained above, neither *Nelson* nor *Spears* affected Petitioner's case. The sentencing judge did not treat the Guidelines as mandatory or presumptively reasonable and did not determine that any variant sentence was appropriate. Therefore, neither of those cases was relevant. A failure to cite or argue irrelevant cases does not indicate inadequate performance by counsel and could not have prejudiced Petitioner. His third claim for relief should be denied.

**Claim Four**

Petitioner's next claim for relief is that the statutes under which he was convicted and sentenced, 21 U.S.C. §§ 841 and 851, contained mandatory minimum sentences which were based on the 100-to-1 ratio discussed previously. He argues that this ratio and the mandatory minimum sentences it created for cocaine base were disproportionate in relation to powder cocaine sentences and, therefore, amounted to cruel and unusual punishment in violation of the Eighth Amendment. As Respondent points out in its response, the Fourth Circuit has held that "proportionality review is not available for any sentence less than life imprisonment without the possibility of parole." *United States v. Ming Hong*, 242 F.3d 528, 532 & n.3 (4th Cir. 2001). In reply, Petitioner states that the Supreme Court has never made this statement

itself. Although this is perhaps true, Petitioner also does not point to any case law from the Supreme Court overruling *Ming Hong*. Nor is the Court aware of any such ruling. Therefore, *Ming Hong* is valid precedent which this Court is bound to follow. Petitioner did not receive a sentence of life imprisonment without the possibility of parole. His fourth claim for relief should be denied.

## Claim Five

Petitioner's final claim is that the Fair Sentencing Act of 2010, which became effective after Petitioner was sentenced, should be retroactively applied to his case. This claim is also without merit. Petitioner's judgment was entered on February 26, 2009. The Fair Sentencing Act was not signed into law until August 3, 2010, well after Petitioner's appeal was concluded and even after he filed his current § 2255 motion. In such circumstances, the change in law cannot be applied retroactively unless Congress explicitly states in the new law that its changes are to be so applied. 1 U.S.C. § 109; *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 660-61 (1974);*United States v. Stitt*, 552 F.3d 345, 353-54 (4th Cir. 2008), *cert. denied*, ___ U.S. ___, 130 S. Ct. 65 (2009). Congress did not do so with the Fair Sentencing Act and it does not apply retroactively. *United States v. Nelson*, No. 09-4297, 2010 WL 4676614 (4th Cir. Nov. 18, 2010)(unpublished); *United States v. Douglas*, ___ F. Supp. 2d ____, 2010 WL 4260221 n.28 (D. Me. 2010)(collecting cases). Petitioner's fifth claim for relief should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 43), as supplemented (Docket No. 46), be denied and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: January 19, 2011